IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:95-CR-83-9-BO

STONEY BURT MCINTYRE, )
)
Petitioner, )
)
v. ) O R D E R
)
UNITED STATES OF AMERICA, )
)
Respondent. )
)

This matter is before the Court on Petitioner's Motion for Correction of the Record pursuant to Rule 36 of the Federal Rules of Criminal Procedure. For the reasons below, Petitioner's Motion is DENIED.

## BACKGROUND

On February 5, 1995, Petitioner was arrested by the Fayetteville Police Department on a charge of First Degree Murder. While in the primary custody of the state of North Carolina, the United States Marshals Service ("USMS") brought Petitioner to federal court, on several occasions, pursuant to a writ of habeas corpus ad prosequendum, for the purpose of being prosecuted on federal charges in the Eastern District of North Carolina. According to official records, he was in the custody of federal authorities pursuant to a writ on the following dates: July 12, 1995; September 11, 1995; and from April 9-11, 1996. In each instance he was returned to the primary custody of North Carolina. While in federal custody on September 11, 1995, Petitioner pled guilty in this Court to federal charges of Conspiracy to Distribute with Intent to Distribute and to Distribute Cocaine and Cocaine Base, and Use of a Firearm During a Drug

Trafficking Offense Aiding and Abetting. On April 9, 1996, Petitioner was sentenced to a 180-month term for the federal offenses.

On April 11, 1996, Petitioner was returned to the custody of the North Carolina Department of Correction. That same day, Petitioner was sentenced to a term of imprisonment of 180 to 225 months for the state offense of Second Degree Murder. Following sentencing for his state conviction, Petitioner remained in the custody of the state of North Carolina, in service of his state sentence. On March 8, 2000, the Cumberland County Superior Court ordered that Petitioner's state murder sentence run concurrent with his previously imposed federal sentence, and that he be transferred to federal custody. The state court also clarified that Petitioner's state sentence was to run while he was in federal custody, and that should any portion of his state sentence remain upon his release from his federal sentence, then he should be returned to the N.C. Department of Correction for service of the balance of his state sentence. On April 27, 2000, the state of North Carolina released Petitioner to the primary custody of the USMS for service of his federal sentence.

In accordance with Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984),1 and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation for Petitioner, commencing his federal sentence on March 8, 2000, the date he was ordered to be transferred from state custody.

## DISCUSSION

Petitioner is essentially filing a habeas petition pursuant to 18 U.S.C. § 2241, contending the Bureau of Prisons ("BOP") has erred in failing to make his federal sentence run concurrently with his state sentence and thus he is being improperly detained. The doctrine of exhaustion of administrative remedies requires that in order for an individual to assert claims for judicial relief,

he must first exhaust the prescribed administrative remedy made available to him. *See Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (*citing McKart v. United States*, 395 U.S. 185, 193 (1969)). Courts require prisoners seeking habeas relief to exhaust administrative remedies prior to filing habeas petitions. *See McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004) (per curiam); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004)(*citing Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (holding that a prisoner who was denied parole was required to exhaust administrative remedies prior to filing § 2241 petition because "exhaustion of administrative remedies is jurisdictional")). The purpose behind this policy is to provide a possible solution to the inmate's problem, to reduce the intrusion of the courts into prison administration, as well as to provide a mechanism for fact finding before the matter reaches the court. *See McKart*, 395 U.S. at 193-94 (Supreme Court articulated a strong policy favoring exhaustion of administrative remedies); *see also, Volvo GM Heavy Truck Corp. v. U.S. Dep't. of Labor*, 118 F.3d 205, 208-09 (4th Cir. 1997) (*citing McCarthy v. Madison*, 503 U.S. 140, 145 (1992)). Administrative exhaustion is particularly important in lawsuits challenging the execution of an inmate's sentence. *See e.g., Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984); *Arias v. United States Parole Com.*, 648 F.2d 196, 199 (3d Cir. 1981). Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. *McClung*, 90 Fed. Appx. at 445 (*citing Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2nd Cir. 2001)).

In this case, Petitioner has failed to exhaust his administrative remedies and thus his action here is premature. Petitioner has filed one administrative remedy request during his incarceration with the Bureau of Prisons and that request was denied at the institutional level. Petitioner did not appeal. Petitioner has failed to present any reason for his failure to exhaust his

administrative remedies before seeking relief from this Court.

The BOP also sought guidance on the original intent of the Court's sentence. A review of the facts of this case suggest the Bureau of Prisons has properly applied the factors prescribed in 18 U.S.C. § 3621(b). Petitioner was convicted of second degree murder in state court and pled guilty in this Court to federal charges of Conspiracy to Distribute with Intent to Distribute and to Distribute Cocaine and Cocaine Base, and Use of a Firearm During a Drug Trafficking Offense Aiding and Abetting. At the time of his sentence, Petitioner was in the primary custody of North Carolina. At no time prior to 2000, was there a relinquishment of primary custody by the State. As recognized by 18 U.S.C. § 3585(a), Petitioner's federal sentence did not commence until he was ordered to be transferred to federal custody on March 8, 2000, and thus Petitioner is not entitled to credit against his federal sentence for this time. Therefore, Petitioner's motion is DENIED.

## CONCLUSION

For the reasons above, Petitioner's Motion for Correction of the Record is DENIED.

SO ORDERED.

This __24__ day of August, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE